ADOLPH DAVIDSON, PETITIONER-DEFENDANT, v. NA-
THANSON FURNITURE STORES, INC., RESPONDENT-
PROSECUTOR.

Argued May 6, 1941—Decided May 20, 1941.

Before Justices BODINE, PERSKIE and PORTER.

For the prosecutor, *McCarter, English & Egner* (*Verling
C. Enteman*).

For the defendant, *Adrian Michaelson, Morris Edelstein*
and *Thomas F. Meehan.*

BODINE, J. The sole question suggested in this case is the
meaning of the words "actually employed" as used in *N. J.
S. A.* 34:15-37, which so far as pertinent to the present case
is as follows: "Where prior to the accident, the rate of wages
is fixed by the output of the employe, the daily wage shall be
calculated by dividing the number of days the workman was
*actually employed* into the total amount the employe earned
during the preceding six months, or so much thereof as shall
refer to employment by the same employer."

The prosecutor employed Adolph Davidson October 16th,
1939, as a salesman, giving him his samples, &c. Davidson
appears not to have gone on the road till the next week when
he earned $26.30. If actually employed for one week, he is
entitled to compensation at one rate, but if employed for two
weeks the figure is much less. The statute says, when the
rate of wages is fixed by the output the daily wage is calcu-
lated by dividing the number of days actually employed into
the total earnings.

In *Highway Freight Co.* v. *Workmen's Compensation Bureau*, 125 *N. J. L.* 168 (unanimously affirmed in 126 *Id.* 367), Mr. Justice Parker in construing the above quoted portion of the statute said: "the number of days the workman was actually employed" means "the number of days on which the workman was actually employed." In other words, it is not the day of hiring that controls, but rather the days on which the workman was actually employed. This was the rule followed in the Bureau and the Court of Common Pleas.

The writ will be denied.